■ BARTLEY HOLDING CORP., Appellant, v. INTERIM ONE CORP., Formerly Known as BARTLEY BROS. CONSTRUCTION CORP., et al., Defendants; BARTLEY & SONS, INC., et al., Respondents.— Appeal by plaintiff, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County, entered July 24, 1972, as dismissed the complaint against defendants-respondents Bartley & Sons, Inc., Bartley Contracting Corp., Bartley Builders Corp. and Catherine Bartley, as executrix of the estate of Harold S. Bartley, deceased. Judgment, insofar as appealed from, modified, on the law, to the extent of reinstating the complaint and awarding judgment against defendant-respondent corporations Bartley & Sons, Inc., Bartley Contracting Corp. and Bartley Builders Corp. jointly and severally with defendant Interim One Corp., formerly known as Bartley Bros. Construction Corp., in the amount of $29,048.11 as provided in the judgment against defendant Interim One Corp. Judgment further modified by deleting the provision wherein the said defendant-respondent corporations were permitted to recover costs and disbursements against plaintiff. As so modified, judgment affirmed, with costs. In 1959 the four defendant corporations began to occupy the office building at 58-20 Francis Lewis Boulevard, Queens, which was owned by plaintiff corporation. No lease was signed at that time. Bernard and Joseph Bartley held a 51% interest in each of the four defendant corporations with their uncle Harold Bartley holding a 49% interest. Plaintiff corporation was controlled by Mrs. Bernard Bartley and Mrs. Joseph Bartley with Mrs. Harold Bartley holding a 32% interest and another shareholder holding the remaining 17% interest. From 1959 until 1966, with minor deviations, the four defendant corporations each paid $125 a month directly to plaintiff corporation presumably for their "share" of the use and occupancy of the afore-mentioned premises. According to the uncontroverted testimony, the entire premises were used in common with none of the four corporations having any distinct share of the premises or any distinct employees.

In 1963, solely to facilitate obtaining a mortgage on the subject premises, Bartley Bros. Construction Corporation (now Interim One) and plaintiff corporation signed a document which purported to be a lease. This document obligated the Bartley Bros. Construction Corporation to pay a $460 monthly rental for the afore-mentioned premises. The purported lease however was ignored by both parties and each of the four defendant corporations continued to pay $125 a month to plaintiff corporation. In February of 1966 Bernard and Joseph sold their interest in the four defendant corporations to Harold. Shortly thereafter and apparently without the knowledge of those in control of plaintiff corporation (minority shareholder Mrs. Harold Bartley may have known), three of the defendant corporations transferred their assets to (the fourth corporation) Bartley & Sons, Inc. Simultaneously therewith, Bartley & Sons assumed all of the liabilities of the transferor corporations. No payments in the nature of rent have been made to plaintiff corporation since these transfers. In 1967 plaintiff corporation which was controlled by the wives of Bernard and Joseph Bartley brought suit in the Civil Court for unpaid rents. In its moving papers, it denominated Interim One Corp. (formerly known as Bartley Bros. Construction Corp.) as prime tenant and defendant-respondents on this appeal were denominated as " under-tenants " in that action. That suit was dismissed for technical reasons. In 1970 plaintiff brought the instant action to recover $24,500 representing either rent or the reasonable value of the use and occupancy during March 1, 1966 until March 31, 1970. Trial Term, after an extensive hearing, awarded judgment solely against Interim One Corp. for the amount sought, with interest, on the ground that Interim One Corp. was the sole prime tenant. In our opinion, there was in 1959 an implied agreement between plaintiff corporation and all four defendant corporations with respect to the use and occupancy of the Queens office building. That implied agreement was not destroyed by the signing of the purported lease which Trial Term properly ruled invalid and which none of the parties followed. The implied agreement was in effect during the entire period for which plaintiff is seeking to recover for use and occupancy. In our opinion, Trial Term's reliance on the fact that Interim One Corp. was once denominated as a prime tenant and the other defendants-respondents as " under tenants " in the prior suit brought by plaintiff in 1967 was misplaced. That prior suit was brought at a time when plaintiff was still acting under the assumption that the 1963 lease was valid and while plaintiff was apparently unaware of the 1966 transfers which transformed all the defendant corporations with the exception of Bartley & Sons, Inc. into mere corporate shells. While plaintiff's reference in the prior action to Interim One Corp. as the prime tenant and the defendant-respondent corporations as " under tenants " is persuasive, it is not controlling. It is always proper for the court to determine the legal relationship of parties from the facts and circumstances of the particular case. We find that all of the defendant corporations bore the same relationship to plaintiff corporation, namely, that of tenants under an implied agreement to pay for the use and occupancy of the Queens office building. Furthermore, under the particular circumstances of this case wherein all defendant corporations used the entire premises in common, with none of the corporations having any distinct portion of the premises, we find that the defendant corporations are all jointly and severally liable for the use and occupancy of the subject premises, the reasonable value of which is undisputed. Hopkins, Acting P. J., Munder, Latham, Christ and Benjamin, JJ., concur.